Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Jul 16 2014, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARVIN STRONG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A04-1401-CR-9 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1302-FD-481

**July 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Marvin Strong appeals the trial court's revocation of his placement in community corrections. Strong raises a single issue for our review, namely, whether the State presented sufficient evidence to support the trial court's judgment. We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 15, 2013, Strong pleaded guilty to dealing in marijuana, as a Class D felony, and to being an habitual substance offender. Thereafter, the trial court sentenced Strong to an aggregate term of six years. The first three years of Strong's sentence were to be served in the Vigo County Work Release Program ("the Work Release Program"), under the supervision of Vigo County Community Corrections. The last three years were to be served in the Vigo County Home Detention Program, also under the supervision of Vigo County Community Corrections.

In late September of 2013, both Strong and Benoit Ellington were participants in the Work Release Program. One night when the two were sleeping in a dormitory, Ellington awoke after being "thumped" in the head. Tr. at 20. Ellington immediately observed Strong standing over him and laughing at him. There was no one else nearby. Strong then went back to his bed and said, "what you gonna do, get Montez?" Id. at 21. Montez was Ellington's son. The blow to the head caused Ellington pain.

On October 4, 2013, the State moved to revoke Strong's placement in the Work Release Program. Among other things, the State alleged that Strong had battered Ellington. Ellington testified to the alleged battery. John Fuson, another participant in the Work Release Program, testified that he had awoken immediately after the alleged

2

battery and observed Strong standing at Ellington's bunk and laughing. Fuson also testified that Strong was "obnoxious" to other participants in the Work Release Program, such as on one occasion where Strong took another participant's food tray, refused to return the food, and ate the food himself. Id. at 35.

The trial court found that "the State has met its burden of proving that this battery occurred" and that the battery was a violation of the conditions of the Work Release Program. Id. at 52. The court then revoked Strong's placement in the Work Release Program and ordered Strong to serve the balance of his sentence in the Department of Correction. This appeal ensued.

**DISCUSSION AND DECISION**

Strong asserts that the State failed to present sufficient evidence to support the revocation of his placement in the Work Release Program. As we have explained:

> Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation.

Monroe v. State, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009) (citations omitted).

According to Strong, the State failed to carry its burden because "[n]one of the State's witnesses saw Strong hit Ellington." Appellant's Br. at 5. But the trial court is not obliged to ignore the reasonable inferences from the State's evidence. Ellington testified that he had awoken after being "thumped" in the head. Tr. at 20. Ellington

3

immediately observed Strong standing over him and laughing at him, and there was no one else nearby. Fuson corroborated that testimony. Strong then went back to his bed and said, "what you gonna do, get Montez?" Id. at 21. A reasonable inference from this evidence is that Strong battered Ellington, and Strong's arguments to the contrary on appeal merely seek to have this court disregard the evidence most favorable to the trial court's judgment, which we will not do. We affirm the court's revocation of Strong's placement in the Work Release Program.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.